IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Cortney S.,[1] | ) | C/A No.: 1:20-3483-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Kilolo Kijakazi, Acting | ) | |
| Commissioner of the Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b). [ECF No. 30]. Counsel filed a civil action on behalf of Plaintiff on October 1, 2020. [ECF No. 1]. On June 7, 2021, the undersigned issued an order granting the Commissioner's motion to remand, reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), and remanding the action for further administrative proceedings. [ECF No. 24]. On August 25, 2021, the undersigned granted Plaintiff's motion for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), awarding $6,600.00 in attorney fees. [ECF No. 29]. The Commissioner subsequently issued an order finding Plaintiff disabled

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

under the rules of the Social Security Administration and awarding past-due benefits retroactive to August 2019, as reflected in a notice of award dated May 21, 2023. [ECF No. 30-1].

On June 2, 2023, Plaintiff's counsel requested the court authorize a total fee of $7,969.75. [ECF No. 30 at 2]. The Commissioner subsequently filed a response neither supporting nor opposing Plaintiff's counsel's motion, as she "has no direct financial stake in the outcome of this motion." [ECF No. 32]. The court has considered counsel's motion for fees under 42 U.S.C. § 406(b), and approves the motion.

I.    Consideration of Motion for Attorney Fees Under 42 U.S.C. § 406(b)

When a court renders a favorable judgment to a claimant in a claim brought against the Commissioner, the court may "determine and allow as part of its judgment a reasonable fee" to the claimant's attorney that is "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reasons of such judgment." 42 U.S.C. § 406(b)(1)(A). The Supreme Court held in *Gisbrecht v. Barnhardt*, 535 U.S. 789 (2002), that 42 U.S.C. § 406(b) instructs courts to review contingent fee agreements for reasonableness where the agreed-upon fee does not exceed the statutory ceiling of 25%. Nevertheless, the contingent fee may be reduced from the agreed-upon amount "when (1) the fee is out of line 'with the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-

2

due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" *Mudd v. Barnhardt*, 418 F.3d 424, 427 (4th Cir. 2005), *citing Gisbrecht* at 808.

Counsel filed a copy of the contingent fee agreement, signed by Plaintiff, which states: "I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won." [ECF No. 30-2]. It further explains "the fee that I must pay is based on winning my case" and "I will not be charged a fee if we lose." *Id.* It provides:

> My attorney has explained to me that it is the law that the attorney fee must be approved by the federal court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration. I understand that the total fee could amount to several thousand dollars or several hundred dollars per hour on an hourly basis. I understand that my attorney is accepting my case because of the possibility of obtaining substantial fees. I agree to cooperate in any way that I can so that my attorney's full fee is authorized.

> I understand that usually all of the attorney fees will be paid from my past-due benefits. However, sometimes a court will order the government to pay a portion of the attorney fees pursuant to the Equal Access to Justice Act (EAJA). If this happens, I hereby assign any court awarded EAJA attorney fees to my attorney. I agree that any such payment belongs to my attorney. If my attorney receives an EAJA check made payable to me, I hereby explicitly give permission to my attorney to endorse the check with my name and deposit it in my attorney's general office account.

> Nevertheless, the court-awarded EAJA attorney fee may reduce the amount that I will be obligated to pay from my past-due benefits and it could mean that no attorney fee will come out of my back benefits, that is, the entire fee will be paid by the government under the EAJA. On the other hand, it could work out that my attorney will receive the 25% fee and, in addition, my attorney will receive part or the entire court-awarded EAJA fee. But in no case will the fee that comes out of the back benefits paid on my account be greater than 25% (including the fee paid for work on my case before the Social Security Administration).

*Id.* Because the agreed-upon fee does not exceed the statutory ceiling of 25% set forth in *Gisbrecht*, the court considers only the reasonableness of the fee.

The court concludes that the fee is not out of line with the character of the representation and the results achieved. Counsel represented Plaintiff at the administrative level and before the court, beginning May 14, 2018. Tr. at 98. Counsel obtained $45,479.00 in total past-due benefits on claimant's behalf. [ECF No. 30-1 at 3]. In consideration of the nature of the representation, the period of the representation, and the amount of past-due benefits obtained for Plaintiff, the court concludes that the fee is not out of line with the character of the representation and the results achieved.

The court further determines counsel did not cause any delays that affected the accumulation of past-due benefits during the pendency of the case in this court. Counsel requested no extensions and filed a brief less than 30 days after the Commissioner filed an answer and a copy of the administrative record. *See* ECF Nos. 15, 16, 17.

The court finds that the requested fee is not large in comparison to the amount of time counsel spent on the case. The record reflects that counsel represented the claimant for 31.60 hours at the district court level. [ECF Nos. 26-1 and 30 at 3]. This represents an effective hourly rate of $252.21. Counsel represents "[a] reasonable market-based non-contingent hourly rate for these services would be $350–$425 per hour for [an] experienced Social Security disability litigator." [ECF No. 30 at 5]. The fee requested by counsel does not result in an hourly rate that exceeds the asserted market rate in non-contingent cases. In fact, counsel's requested fee in this case is lower than the asserted market rate.

The court finds the contingent fee agreement complies with 42 U.S.C. § 406(b)(1)(A) in that it is both reasonable and does not exceed the statutory maximum fee. Therefore, the court grants Plaintiff's counsel's motion for fees under 42 U.S.C. § 406(b), approves a total attorney fee of $7,969.75, and directs the Commissioner to release $7,969.75 of the total amount withheld from Plaintiff's past-due benefits to pay attorney Timothy Allen Clardy.

II.    Refund of EAJA Fees

Pursuant to 42 U.S.C. § 406(b)(1)(A), "no other fee may be payable or certified for payment for representation" except for a fee "not in excess of 25 percent of the total of the past due benefits to which the claimant is entitled." An uncodified 1985 amendment to the EAJA provides for fee awards to be

made under both the EAJA and 42 U.S.C. § 406(b), but provides the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Rice v. Astrue*, 609 F.3d 831, 836 (5th Cir. 2010) (quoting *Gisbrecht*, 535 U.S. at 796). "Because the Social Security Act (SSA) and the Equal Access to Justice Act (EAJA) both allow attorneys to receive fees for successful Social Security representations, Congress enacted a Savings Provision to prevent attorneys from receiving fees twice for the 'same work' on behalf of a claimant." *Parrish v. Commissioner of Social Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012) (citing Pub. L. No. 99-80, § 3, 99 Stat. 183, 186 (1985) (adding "Savings Provision" to 28 U.S.C. § 2412 notes)).

The total fee approved above represents less than "25 percent of the total of past due benefits to which the claimant is entitled," and counsel may not collect an amount in excess of 25 percent of Plaintiff's past-due benefits for his work performed before this court. 42 U.S.C. § 406(b)(1)(A). Accordingly, the undersigned directs counsel, upon receipt of the additional funds the agency has withheld, to collect $1,369.75 and to credit to Plaintiff $6,600.00, representing the EAJA fee paid in this action.[2]

---

[2] The notice of award indicates the Social Security Administration ("SSA") withheld $11,369.75 to pay Plaintiff's representative. [ECF No. 30-1]. Counsel represents that he intends to submit to the SSA a petition for a separate fee of $10,000.00 for administrative services. [ECF No. 30]. The amount counsel intends to request from SSA for administrative services is equal to 25% of Plaintiff's past-due benefits ($11,369.75), less the 406(b) fee requested herein ($7,969.75), plus the EAJA fee ($6,600.00).

IT IS SO ORDERED.

June 6, 2023
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

---

It is permissible for an attorney to collect fees not in excess of 25% of a claimant's past-due benefits under 42 U.S.C. § 406(a) for work performed at the administrative level and under 42 U.S.C. § 406(b) for work performed in the federal court. In *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019), the court explained "[t]he agency's choice to withhold only one pool of 25% of past-due benefits does not alter the statutory text, which differentiates between agency representation in § 406(a) and court representation in § 406(b), contains separate caps on fees for each type of representation, and authorizes two pools of withheld benefits."

The court's order is not intended to prevent counsel from holding the $6,600.00 credited to Plaintiff for the EAJA fee in his trust account pending the SSA's action on his petition for attorney fees for work performed at the administrative level and applying the $6,600.00 credit to any amount approved by the SSA in excess of the remaining amount it has withheld. If the SSA approves an administrative fee of less than $10,000.00, counsel must refund to Plaintiff the difference between the total attorney fees he receives, including the EAJA fee, and the total amount approved by this court and the SSA combined.